UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS GLASS AND ALLIED INDUSTRIES HEALTH & WELFARE INSURANCE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WOOD RIVER GLASS CO., <br><br> Defendant. | Case No. 4:15-CV-1014-CEJ |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2).

### I. Background

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132 *et seq.* Plaintiffs are five employee benefit plans (the Apprenticeship Training & Journeyman Education, Glazier Unit Money Purchase, Pension, Vacation and Holiday, and Health & Welfare Insurance funds) and their trustees (collectively, the plans). Defendant Wood River Glass Company is an employer in an industry affecting commerce within the meaning of the ERISA. Defendant employs individuals who are members of the Glaziers, Architectural Metal and Glassworkers Local Union No. 513 (the Union). Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement between defendant and the Union.

## II. Procedural History

Plaintiffs filed the instant case on June 29, 2015. Service was achieved on defendant on June 30, 2015. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendant was required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because defendant failed to do so, the Clerk of Court entered default against it on August 21, 2015. Defendant has not responded to the entry of default, and plaintiffs moved for default judgment.

## III. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Granting default judgment is within a district court's discretion. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

When a party defaults, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., <u>Federal Practice and Procedure: Civil</u> § 2688, at 63 (3d ed. 1998)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis

of facts of record' . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

IV. **Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2).

On December 24, 2008, defendant agreed to be bound by the terms of a collective bargaining agreement with the Union (the Agreement), effective retroactively from November 1, 2008, through October 31, 2013. [Doc. #9] The Agreement requires defendant to make contributions to the plans for each hour worked by employees covered by the Agreement. *Id.* arts. 11, 13–14, 16, 17. The Agreement also incorporates by reference the plans' trust documents, which provide that failure to make timely contributions subjects defendant to interest, court costs, attorneys' fees, and accounting costs. [Doc. ##1-4 § 3.13; 1-5 §§ 4.4–5; 1-6 §§ 4.08, 7.25; 1-7 art. VII] The Agreement was later extended until February 28, 2015. [Doc. #12] On February 27, 2015, defendant and the Union entered into a new agreement that also incorporates the plans' trust documents, effective retroactively from November 1, 2014, until October 31, 2017. [Doc. #11]

Plaintiffs submit the affidavit of Carol Kaminski, the plans' Fund Representative, who is responsible for calculating delinquent amounts owed to the

3

plans. Kaminski attests that defendant has failed to remit contributions from August 2014 through June 2015 in the amount of $108,976.28, based on a payroll compliance examination she conducted. This exhibit establishes that, for this period, defendant owes $108,976.28 in unpaid contributions, $9,807.87 in interest, and another $9,807.87 in interest (in lieu of liquidated damages), for a total of $128,592.02.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Wood River Glass Company was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that defendant is liable to them for $108,976.28 in unpaid contributions, $9,807.87 in interest, and another $9,807.87 in interest (in lieu of liquidated damages), for a total of $128,592.02.

Plaintiffs also submit the affidavit of attorney Daniel M. McLaughlin. According to Mr. McLaughlin, a total of 5.9 hours was expended in connection with this matter, for a total of $1,003.00 for legal services. Mr. McLaughlin attests that he was the only person at his law firm who worked on the case, and that his hourly billing rate is $170.00. The Court finds that the hourly rate and hours expended are reasonable, and plaintiffs are therefore entitled to $1,003.00 in attorney's fees. In addition, the firm paid $400.00 for the filing fee and $109.04 for service of process, for a total of $509.04. Plaintiffs only seek to recover $409.04 of that amount, however. They are entitled to $409.04 for costs.

Adding together the $128,592.02, the $1,003.00 in attorney's fees, and the $409.04 in costs, defendant owes plaintiffs $130,004.06. Furthermore, an audit of

defendant's payroll records from August 1, 2014, to the present is appropriate in the instant case. The Court will order defendant to pay plaintiffs the amounts above, and will order an audit of defendant's records.

* * * * *

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #5] is **granted**.

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2015.